■Per curiam

If we should decide as the Defendant’s counsel contends for, it would take away at one blow all references to arbitration in the County Courts. Either ;party dissatisfied, would file exceptions to the award, and appeal upon their beingoverruled. In such case,if this court proceed upon the. issue, the award would be for ever excluded from consideration, and become a mere nullity, whether in point of law it were good or bad. The meaning of the law adverted to by Mr. Whyte is, that when the *461 party appeals from what lie supposes to be the injustice or mistake of a jury, in their conclusions of facts from evi-deuce, then that evidence shall be reconsidered by a jury here ; but when he appeals from what he supposes to be injustice or error in the judgment of the court, that then the court here shall reconsider what the court below has done. Were we to have new trials before a jury, whenever the court below gives a wrong judgment in point of law, the inconvenience would he great. The parties must then summon all their witnesses on both sides, to establish a verdict which is not complained of, nor sought to be rectified, and nothing is aimed at but correcting the judgment of the court, to the. doing of which, no witness is necessary. We are therefore of opinion that the points in which the. County Court is supposed to have erred, shall be considered here, in order to h. corrected if wrong. A trial of the issue, is entirely out of the question.
Quaere — If an appeal can be regularly taken hut from a verdict, or from a sentence on hearing of any cause, according to the- act of 1762, cfu a, or other similar acts, (in both of which cases there must he a re-examination of testimony) and whether other sentences and opinions upon mere matter of law, should not come up by writ of error ?
Note. — Vide Erwin & Wife v. Arthur's exr’s. Conf. Rep. 490.